UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALONZO DEVONNE MALONE, JR.
a/k/a Rev. A.D. Malone, Jr.                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:08CV-527-S

CITY OF LOUISVILLE, et al.                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendants, Officers Hale, Redman Mumford, and Rone, for summary judgment in this civil rights action brought by the plaintiff, Alonzo D. Malone, Jr., *pro se.* DN 37.[1] Malone has not responded to the motion.

The time has come for the sun to set on this piece of litigation. Early on in the case, Malone was advised that "failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court may result in the dismissal of this case. DN 8. Magistrate Judge Dave Whalin scheduled a telephonic conferences for April 12, 2012 at 10:30 a.m. DN 35. On that date, the magistrate judge was unable to reach Malone. An order was entered rescheduling the conference for April 23, 2012 at 1:30 p.m. DN 41. Again, at the schedule conference time, Malone could not be reached. DN 42. The court's order reflects that Malone's phone transmitted a message indicating that the phone number was not able to receive calls. *Id.* The magistrate judge therefore ordered that Malone "shall have **twenty (20) days** from the date of this order to respond to the

---

[1] All other claims and defendants were dismissed by previous order of the court.

motion for summary judgment.  Failure to respond will result in the motion being submitted as unopposed for the Court's ruling."  *Id.*

Malone did not respond to the motion.  Instead, approximately forty-five days later, he filed a motion for extension of time and that another telephonic conference be set, and requested that summary judgment be entered in his favor.  The motion is one paragraph, is unsigned, and fails to offer any explanation why (1) two conference calls were missed, (2) no response has been filed to the summary judgment motion, and (3) why the motion for extension of time was filed forty-five days after the last order of the magistrate judge.  Therefore, the motion for extension of time is wholly deficient and will be denied.

The motion of the defendants for summary judgment stands unopposed.  Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) the court permitted the following claims to proceed:

(1)  The claim of excessive force, as against Officer Hale in his individual capacity;

(2)  The claim of excessive force, as against Officer Socera in his individual capacity;

(3) The claim of the denial of the right to exercise religion, as against defendants Redman, Socera, Mumford, and Rone in their individual capacities.

These claims will be addressed *seriatim*.

Malone has claimed that he was subjected to excessive force on July 26, 2008 when Officer Hale allegedly choked him during the booking process.  The defendants have provided documentation concerning Malone's arrest and booking into jail on May 14, 2008 for one day, and his arrest and booking into jail for fifty-seven days beginning August 6, 2008.  However, the

defendants have shown through the Inmate History that Malone was not in custody on July 26, 2008. Therefore, summary judgment must be granted in favor of the defendants as to this claim.

Malone has claimed that he was subjected to excessive force on September 6, 2008 when Officer Socera allegedly threw him against a wall for asking for a phone. There is no incident report for such an incident allegedly occurring on September 6, 2008. There is a report concerning an incident occurring on September 4, 2008. Allegedly on that date, Malone was in a medical exam room where he was observed to smack the table, yell, and flail his arms and legs. Officer Young then purportedly grabbed him in an attempt to calm Malone down. When this was unsuccessful, Young purportedly picked Malone up out of the chair and restrained him against a wall. Then, with the assistance of another officer, they escorted Malone back to his cell. Supervisory personnel were notified of the incident, a nurse allegedly evaluated Malone for injuries and Malone purportedly reported that he suffered no injuries. DN 44-3.

The excessive force claim is alleged to have occurred on September 6, 2008. There is no evidence of an incident occurring on that date. To the extent that he intended to reference an incident which occurred on September 4, 2008, he has sued an individual other than the individual named in the incident report as restraining Malone on that occasion. Finally, the incident report, the only evidence concerning a use of force incident on September 4, 2008, establishes that reasonable force was used to control and restrain Malone who was being disruptive and physically aggressive in the medical exam room. Further, Malone apparently admitted that he suffered no injuries on that occasion. For all of these reasons, summary judgment will be granted in favor of the defendants as to this claim.

The defendants urge that in order to succeed on a claim for violation of the right to exercise of his religion, "[t]he prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006), *citing Ford v. McGinnis*, 352 F.3d 582, 591 (2d Cir. 2003). With respect to this claim, Malone alleged in his petition:

>...On Sunday Sept 30th 2008...Ofc Rone and Ofc *(illegible)* refuse to allow me to go to church services or anyone else in dorm *[sic]* Then threaten me when I tried to turn in healt *[sic]* service request form.

>...I kept asking to to [sic] see chaplin, (chaplin withlow on Aug 16, 17, (18th,)(20th) & (21th)(22th) of thousand & eight and was refuse *[sic]* acess *[sic]* to see him. Ofc Redman & Socera denie *[sic]* me as well as ofc Mumford denie *[sic]* me acess *[sic]* to excise *[sic]* my religious preference. Just because ofc Mumford is atheist doesn't me *[sic]* that he has the right to push his beleif's *[sic]* on me or any other imate *[sic]*...

To the extent this text from Malone's petition is comprehensible, these allegations fail to satisfy the threshold requirement that his chose religious practice was substantially burdened by these incidents, taken as true for purposes of this analysis. Malone states that on one occasion his dorm was not permitted to attend church services and on a number of occasions he asked to see the chaplain and was denied. While he states in conclusory fashion that this conduct denied him "access to exercise his religious preference," he state nothing about his "religious preference" nor how his exercise of that "preference" was substantially burdened. Rather, he states only that Officer

- 4 -

Mumford is an atheist and pushed his beliefs on Malone and others. The allegations fall short of showing either sincerely held religious beliefs or burden on their exercise by the defendants' conduct.

We acknowledge that Malone, as a *pro se* litigant, should be afforded some leeway in attempting to articulate his claims. We are, however, at the summary judgment stage where Malone may no longer rely upon conclusory assertions of wrongful conduct, but must address the arguments of the defendants and offer evidence establishing a genuine issue of material fact for trial.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Malone has failed to file a responsive brief, despite being ordered to do so by the magistrate judge. Therefore, absent any further articulation of the claim in response to the deficiencies identified by the defendants, we are left to evaluate the sufficiency of the allegations as they have been framed by Malone in his petition.

Therefore, for the reasons stated herein, the motion of the defendants for summary judgment will be granted and the action will be dismissed with prejudice by separate order.

**IT IS SO ORDERED.**

November 30, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc:  Plaintiff, pro se
     Counsel of Record